# Wheelock *versus* Wood et al.
# Wood et al. *versus* Wheelock.

1. A subsequent judgment-creditor cannot attack a judgment on the ground that it contains usurious interest, without proof of an intent to defraud him thereby.

2. The mere fact that a debtor has paid or agreed to pay more than six per cent. interest is not enough to establish a fraud upon creditors, and the mere refusal of the debtor to contest the claim does not of itself amount to such fraud.   It is only where an usurious contract is entered into collusively as a scheme to hinder and delay creditors that the latter have any standing to contest a judgment entered upon such usurious contract.

3. Appeal of the Second National Bank of Titusville, 4 Norris 529, followed.

March 11th 1879.   Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.   GREEN, J., absent.

Error to the Court of Common Pleas, of *Bradford county*: Of January Term 1878, No. 216.

Feigned issue, wherein J. Wood and others were plaintiffs, and M. W. Wheelock, defendant, to try the validity of a revived judgment for $3700, entered in favor of said Wheelock against G. P. Cash and H. L. Scott, the assignee of said Cash.

Certain real estate of Cash having been sold, an auditor was appointed to distribute the proceeds, before whom the above revived judgment was presented for payment.   Wood and others, who were judgment-creditors, objected on the ground, that said judgment contained usurious interest, but the auditor ordered it to be paid.   Wood et al., then filed an affidavit which set forth, that on the 6th of August 1870, M. W. Wheelock loaned to Cash, the defendant, $3000, and took the latter's note therefor, which was entered up August 9th 1870 ; that Cash made payments to Wheelock on said judgment up to August 6th 1873 ; that on the 10th of May 1875, Cash and H. L. Scott (who was a creditor and trustee of said Cash's estate under a voluntary assignment for benefit of creditors) entered into an amicable revival of the above judgment with Wheelock for the sum of $3700, without any notice to petitioners ; the said note was not paid, but the amount of it was included in the above revived judgment.   And petitioners aver, that on the said 10th of May 1875, there was but $2881.15 legally due upon said judgment ; and that the same was revived for the sum of $818.85, more than it ought to have been ; and that said revival is a fraud upon the rights of your petitioners, and that said revived judgment is void as to them.   That at the time said Cash and Wheelock revived said judgment, they both well knew that the said Cash was insolvent ; and that the revival of said judgment for more than was due, would hinder, delay and prevent your petitioners

[Wheelock *v.* Wood.]

from the collection of their judgment against said Cash. That petitioners were purchasers of the real estate which raised the fund for distribution, and claim, that said fund should be distributed to the payment of their several judgments, in preference to that of Wheelock; and, therefore, prayed that an issue should be directed to try the disputed facts.

The issue was granted. When Cash gave the note, it appeared he was undoubtedly solvent, but became embarrassed in 1874. In a deposition, Wheelock testified, that he believed Cash solvent at the time the judgment was revived.

The plaintiff presented, inter alia, the following point, to which is appended the answer of the court:

1. A judgment tainted with fraud in whole or in part, is absolutely void, and cannot be used for any purpose where it would come into conflict with the rights of other creditors.

Ans. "The first point as a general proposition is correct, but as to this case, we are unwilling to say that because Wheelock's judgment contains usurious interest that the whole judgment is void or postponed, even if it comes in conflict with the rights of these plaintiffs."

The second point of the defendant with the answer of the court were as follows:

"To enable the plaintiff to recover in this case the jury must believe that there was collusion between Cash and the defendant in the revival of the Wheelock judgment to defraud subsequent lien creditors, or that Wheelock had such a knowledge of Cash's indebtedness and the value of his property that he knew that subsequent lien creditors would be injured thereby.

Ans. "Affirmed, provided the jury find, in addition to what is here stated, that Wheelock had not such knowledge of Cash's circumstances as that he could reasonably presume that his act in taking the agreement to revive his judgment would defraud Cash's creditors.

In the general charge the court, Morrow, P. J., inter alia, said:

"If you believe the usurious contract to revive Wheelock's judgment was intended to defraud Cash's creditors, or if you find Cash's circumstances were known to Wheelock to be such that it could be reasonably presumed that this would be the natural effect of it, then these plaintiffs can postpone Wheelock's judgment as to the excess of interest, and your verdict should be for the plaintiff for the amount of such excess. * * * At the time the judgment was revived Cash had the right to retain or deduct the amount of usury already paid from the debt. In refusing to do that it was as much a fraud on his creditors as to include usury accruing after their rights had attached."

Verdict for plaintiff for $818.85. After judgment thereon defendant took this writ, and alleged that the court erred (7th

[Wheelock *v.* Wood.]

assignment) in the answer to defendant's point, and (4th and 5th assignments) in the portions of the charge noted.

The plaintiff also alleged that the court erred in the answer to his point, which assignment will be found passed upon in the second opinion of this court in Wood *v.* Wheelock, post, page 301.

*Patrick & Foyle*, for plaintiff in error.—To obtain an issue under the Acts of Assembly, relating to the distribution of the proceeds of sheriff's sales, it is not enough for a junior incumbrancer to make affidavit that a prior judgment was confessed by collusion between the parties thereto, for the purpose of hindering and delaying certain other creditors, but he must set forth that there are material facts in dispute and also the nature and character of such facts: Miller's Appeal, 11 Casey 581; Knight's Appeal, 7 Harris 493. One cannot take his chance for a favorable finding of facts by an auditor, and when the report is adverse demand as a matter of right an issue to try the same facts before a jury: Bradford's Appeal, 5 Casey 518; Seip's Appeal, 2. Id. 176.

Judgment creditors may attack a judgment collaterally when it is a fraud on them, but not merely because it is a fraud on the debtor: Thompson's Appeal, 7 P. F. Smith 175.

*James Wood*, for Wood et al.—The charge is sustained by Greene *v.* Tyler, 3 Wr. 361, and Bank *v.* Roseberry, 3 W. N. C. 13.

Mr. Justice PAXSON delivered the opinion of the court May 7th 1879.

This case is ruled by the appeal of the Second National Bank of Titusville, 4 Norris 529. It was there held that the mere fact that a debtor has paid or agreed to pay in good faith, and in the usual course of business, more than six per cent. interest, is not enough to establish a fraud upon creditors, and that the mere refusal of the debtor to contest the claim against him does not of itself amount to such fraud; and that it is only where an usurious contract is entered into collusively as a scheme to hinder and delay creditors that the latter have any standing to contest a judgment entered upon such usurious contract. The case referred to had not been decided when the case in hand was tried in the court below. Had it been the rulings of the learned judge would have been different, as the application of the principles announced in 4 Norris, makes an end of this case. There is nothing in it to show fraud and collusion in fact. No such fraud is even averred in the affidavit upon which the feigned issue was granted. It is not denied that when Cash gave the judgment-note of $3000 to Wheelock in 1870, and agreed to pay thereon interest at the rate of ten per centum, he was perfectly solvent. His insolvency occurred about the time of the revival of the judgment in 1875.

[Wheelock *v.* Wood.]

And even then there is no evidence that Wheelock knew of his insolvency. On the contrary, he swears that he believed he had abundant means to pay his debts at the time. The including of the $700 of extra interest, was in pursuance of the contract of the parties made in good faith years before. It contained no element of a collusive fraud, a fraud in fact to hinder and delay the creditors of Cash. There was error in awarding the feigned issue. The affidavit did not set out such facts as to justify it. There was also error in the portions of the charge contained in the fourth and fifth specifications. The defendant's second point (seventh specification), should have been affirmed without qualification.

Judgment reversed, and a *venire facias de novo* awarded.

## Wood *v.* Wheelock.

The following opinion was delivered by PAXSON, J., May 7th 1879 :

What has been said in Wheelock *v.* Wood, just decided, is, for the most part, applicable to this case. This writ of error, however, was taken out by the plaintiffs below, who obtained a verdict in their favor to the extent of the usurious interest included in the revival of the judgment in Wheelock *v.* Cash. The effect of the verdict is to postpone said judgment in favor of the plaintiffs for the excess of interest only. The plaintiffs contended and asked the court to instruct the jury that if the Wheelock judgment was tainted with fraud at all, it affected the entire judgment, and that the whole of it must be postponed. As the charge of the court was more favorable to the plaintiffs than they were entitled to, the judgment upon this writ of error must be affirmed.